CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP /0 1 2005

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTT BRAITHWAITE, | ) | |
| | ) | Civil Action No. 7:03-cv-00760 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **By: Samuel G. Wilson** |
| Respondent. | ) | **United States District Judge** |

This is a motion pursuant to 28 U.S.C. § 2255 by Scott Braithwaite, a federal inmate, challenging his conviction and sentence for possession with intent to distribute 50 grams or more of crack cocaine. Braithwaite maintains that he was unconstitutionally deprived of a substantial assistance motion, that he was denied effective assistance of counsel in connection with his guilty plea, and that his attorney failed to appeal. The court has already dismissed Braithwaite's substantial assistance motion claim for lack of merit. However, the court found that Braithwaite's claims that his attorney was ineffective in connection with his guilty plea and that his attorney failed to appeal warranted further inquiry, and the court referred those claims to the United States Magistrate Judge for an evidentiary hearing and a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The magistrate judge appointed counsel, conducted a hearing, and filed a report recommending that the court deny the motion because he found the first claim within the scope of Braithwaite's plea agreement waiver and because he did not find Braithwaite's testimony credible as to the second claim. The court agrees with the magistrate judge's decision, albiet on somewhat different grounds. Accordingly, the court will dismiss Braithwaite's petition, but writes separately to clarify its reasoning.

# I.

On February 12, 2003, Winchester police officers searched Braithwaite's residence in Winchester, Virginia pursuant to a search warrant. They seized $2,310 in currency, various narcotics-- including crack cocaine- and a large amount of stolen property. On March 6, 2003, a federal grand jury indicted Braithwaite for possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1).

On May 29, 2003, Brathwaite entered into a plea agreement. That agreement provided that Braithwaite was waiving his right to appeal guideline sentencing issues as well as his right to collaterally attack "the judgment and any part of the sentence imposed upon [him] by the Court." That same day, the court accepted Braithwaite's plea after a thorough plea colloquy in conformity with Rule 11 of the Federal Rules of Criminal Procedure and after a summary of the evidence by the DEA case agent, who also testified that an agent had weighed the crack cocaine and found it was "at least 50 grams."

Braithwaite's pre-sentence report noted that officers seized "47 grams of cocaine base, 10 grams of cocaine hydrochloride, 5 grams of marijuana, and 0.189 gram of heroin." With additional quantities of crack cocaine attributable to Braithwaite based on relevant conduct , it "estimated that Braithwaite [was] responsible for no less than 69 grams of cocaine base"– crack cocaine. Based on 69 grams of crack cocaine, the report noted that USSG § 2D.1.1 (c)(4) called for a base offense level of 32, and subtracted three points for acceptance of responsibility, for a total offense level of 29. Braithwaite had a criminal history category of IV, which produced a guideline custody range of 121 to 151 months. Braithwaite admits that, by the time of his

sentencing, he was aware of the three-gram discrepancy between the pre-sentence report and the indictment; however, Braithwaite did not object, and the court sentenced him to 121 months, which the government had also recommended. The court then apprised him of his appellate rights, in light of his express waiver, as follows:

> You have waived the right to appeal your sentence and that waiver is binding unless the sentence exceeds the statutory maximum or is based on a constitutionally impermissible factor, and if you undertake to appeal despite your waiver, you may lose the benefits of your plea agreement. If a right of appeal does exist , a person who is unable to pay the costs of appeal may apply for leave to appeal without prepayment of such cost. A Notice of Appeal must be filed within 10 days of the entry of judgment or within 10 days of notice of appeal by the government. If requested the clerk will prepare and file a does appeal on behalf of the defendant.

Braithwaite did not appeal, although he claims in his § 2255 petition that he had an understanding with counsel that counsel would appeal. He also claims that once his counsel learned that the lab reports indicated that only 47 grams of crack cocaine were found in his possession, rather than the 50 grams or more charged in the indictment, his counsel was ineffective in not moving to withdraw the guilty plea or, alternatively, to dismiss the indictment. The court referred the two ineffective assistance claims to the magistrate judge for an evidentiary hearing. The magistrate judge rejected the first claim, because he found that Braithwaite's plea agreement waived it, and he rejected the second claim, because he did not find Braithwaite's testimony credible as to that claim. Braithwaite has objected to the magistrate judge's report, and the matter is before the court on those objections.

## II.

Central to Braithwaite's claims is the erroneous contention that had he gone to trial on the underlying indictment he would have been found not guilty because quantity is an element of the

3

offense under Apprendi v. New Jersey, 530 US 466 (2000), and because he "possessed 47 grams of crack cocaine–not the required 50 grams to support conviction . . ." The court rejects this premise and therefore ultimately rejects Braithwaite's claim that his counsel performed deficiently and prejudiced Braithwaite by failing to bring the three-gram discrepancy to the attention of the court. Moreover, the court also agrees with the magistrate judge's conclusion that Braithwaite waived the claim.

Braithwaite misconstrues the import of Apprendi for offenses under 21 U.S.C. § 841(a)(1). That section, in part, makes it unlawful to possess with intent to distribute a controlled substance, irrespective of the quantity involved. Possession of crack cocaine with intent to distribute an indeterminate quantity is subject to a maximum imprisonment of 20 years under § 841(b)(1)(C); possession with intent to distribute 5 grams or more is subject to a maximum imprisonment of 40 years under § 841(b)(1)(B); and possession with intent to distribute 50 grams or more is subject to a maximum imprisonment of life under 841(b)(1)(A). "Apprendi dictates that, in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold drug quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e. charged in the indictment and proved to the jury beyond a reasonable doubt." United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001) (en banc). Addressing the argument Braithwaite has made here, the Seventh Circuit recently explained:

> On the issue of the amount that [defendant] intended to distribute, we first want to clear up some confusion that the parties have expressed over whether drug quantity is an element of the offense. Drug quantity is not an element of the offense. [Citations omitted]. Proof of drug quantity effects the statutory maximum penalty, but that does not make it a necessary element of an offense that must be charged and proved every case.

4

[Citations omitted]. [Defendant's] conviction in this case could be sustained as long as the government prove that he possessed with intent to distribute *some amount* of crack.

United States v. Henry, 408 F.3d 930, 934 (7th Cir. 2005). In short, "drug quantity is not relevant to uphold [defendant's] conviction, [although] it does impact the statutory sentencing range." Id. Thus, Apprendi only prohibits the imposition of a sentence that exceeds the weight-based statutory maximum unless drug quantity is alleged in the indictment and proven. With these precepts in mind, the court addresses Braithwaite's claim that his counsel provided ineffective assistance by failing to argue the three-gram discrepancy at sentencing.

Under the two-pronged standard articulated by the Supreme Court in Strickland v. Washington, 466 U. S. 668 (1984), to establish ineffective assistance of counsel in connection with a guilty plea, the petitioner much show not only that his attorney's performance was inadequate, but also that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U. S. 52, 59 (1985). Braithwaite admitted at the evidentiary hearing that he was aware of the three-gram discrepancy at the time of sentencing, yet, despite having an opportunity, he made no attempt whatsoever to bring the matter to the attention of the court or to withdraw his guilty plea. When the court asked him if there was anything he wanted to say before the court imposed sentence, he could have told the court that he wanted to withdraw his guilty plea. His failure to do so is compelling evidence that he wanted to persist in his plea of guilty. Indeed, Braithwaite argues that he would have pled guilty to possessing with intent to distribute 5 or more grams of

5

crack, and he recognizes that the court would have imposed the same sentence.[1] In light of these circumstances, the court finds it highly improbable that Braithwaite would have insisted on withdrawing his guilty plea at sentencing. Because Braithwaite cannot show prejudice, the court dismisses his ineffective assistance claim.[2]

The court also notes that Braithwaite waived his right to collaterally attack his conviction and sentence, and the court agrees with the magistrate judge that this waiver also bars his claim.

## III.

Braithwaite also claims that he instructed his counsel to file an appeal by writing him several letters but that counsel never responded. After the evidentiary hearing, the magistrate judge found Braithwaite's claims incredible and found that Braithwaite never instructed his attorney to appeal. Having reviewed relevant portions of the record, the court finds no reason to disturb the magistrate judge's findings and therefore dismisses Braithwaite's claim.

---

[1] The Apprendi line of cases does not impact mandatory minimums. Thus, "[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." United States vs. Jackson, 327 F.3d 273, 285-86 (4th Cir. 2003) (citing Harris v. United States, 536 U.S. 545 (2002)). Nevertheless, the court notes that even if the indictment had alleged possession with intent to distribute only 5 grams or more, the court would have imposed the same sentence – the sentence called for by the guidelines – because of Braithwaite's record, which included a drug trafficking offense. Therefore, the indictment's allegation that Braithwaite possessed with intent to distribute 50 grams or more did not prejudice him in terms of his mandatory minimum sentence.

[2] The magistrate judge also found that the decision of Braithwaite's counsel to not raise the three-gram discrepancy, which had no impact on Braithwaite's sentence, was a strategic decision aimed at preserving Braithwaite's ability to file a substantial assistance motion and to foster a cooperative relationship with the government and that counsel and Braithwaite had agreed on the strategy. Having reviewed relevant portions of the record, the court finds no reason to disturb the magistrate judge's findings and therefore also dismisses Braithwaite's claim because he failed to prove that his counsel performed deficiently.

6

**IV.**

The magistrate judge has recommended that the court dismiss Braithwaite's petition.  For the reasons stated herein, the court agrees with that recommendation.

**ENTER:** This ___ day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE